Mark C. Manning
MARK C. MANNING, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska 99501
(907) 278-9794 Fax: 278-1169
Counsel for Global Seafoods

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| GLOBAL SEAFOODS NORTH AMERICA, LLC,<br>    Plaintiff,<br><br>v.<br><br>OURANIA, LLC, in personam, and URSA MINOR, official number 590767, her equipment, gear, furniture, apparel, fixtures, tackle, boats, machinery anchors and all appurtenances, in rem,<br><br>    Defendants. | IN ADMIRALTY<br><br>No. A-05- 0047 Civil (JWS) |

## AMENDED COMPLAINT

Plaintiff Global Seafoods North America, LLC, alleges as follows:

1. This is an action within the admiralty and maritime jurisdiction of this Court, pursuant to 28 U.S.C. §1333 and 46 U.S.C. § 31341, et seq., and is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

2. Global Seafoods North America, LLC, is a limited liability company formed under the laws of the State of Washington. Global's principal place of business is Seattle.

3. Defendant Ourania, LLC, is believed to be a limited liability company formed under the laws of the State of Washington, and believed to have its principal place of business in Kodiak, Alaska.

4. Defendant URSA MINOR, official number 590767, is an 82 foot wooden-hulled vessel of about 190 gross tons documented under the laws of the United States. It is

owned and operated by Ourania, LLC. Kodiak is its hailing port. The vessel is now or during the pendency of this action will be within this court's geographic jurisdiction.

5. From and after approximately October 2003, Global has at various times advanced to and on behalf of Ourania, at Ourania's request, approximately $42,610.00 for the purpose of payment for goods, equipment, fishing equipment and services, all of which were necessaries rendered to the URSA MINOR by third parties. On information and belief, those funds were in fact spent to pay the third parties' charges. By virtue of these advances, Global has acquired and/or has become subrogated to the third party vendors' liens on the vessel.

6. On or about November 17, 2003, Ourania made a Note in favor of Global for $20,000.00, formalizing the repayment obligation of a portion of these advances. This Note was superceded by another Note in Global's favor, for $30,000.00, on or about December 24, 2003. A true and correct copy of the Note is attached hereto as Exhibit 1. The Note provided that it was to be paid in full by December 31, 2004. No payment has been made on the Note. The Note also provided that in the event of breach the principal would bear interest from date of disbursement at the lesser of 11.0% or the maximum rate allowed by law. On information and belief, the advances not covered by the Note were made on the agreement that they would be repaid from the winter cod season, which has now concluded. No repayment was made, and this sum is now due and owing. It bears interest at the rate agreed in the Note and, if not, then at the rate provided by law.

7. The Note provided that Ourania was obliged to pay the cost of suit to collect the Note, inclusive of reasonable actual attorney's fees.

WHEREFORE, Plaintiff prays as follows:

1. that an in rem warrant of arrest issue, directing the United States Marshal to arrest the whole of the vessel URSA MINOR, o.n. 590767, and all of its equipment, gear, furniture, apparel, fixtures, tackle, boats, machinery, anchors and all other appurtenances, whether on board or not, and to hold the same pending further order of this Court;

2. that Plaintiff be awarded judgment in rem, declaring that the advances vested Global, by subrogation, assignment or other operation of law, with valid and subsisting maritime liens against the URSA MINOR that are prior and superior to all other liens, claims,

and encumbrances whatsoever against the Vessel, and foreclosing Plaintiff's liens against the Vessel and all of its equipment, gear, furniture, apparel, fixtures, tackle, boats, machinery, anchors and all appurtenances, whether on board or not, for all amounts alleged to be due in the Complaint, including without limitation, principal, interest, costs of collection, reasonable attorney fees and other expenses allowed at law;

3. that the court issue an order directing the U.S. Marshal to sell the Vessel in accordance with law, and that the sale proceeds be held in the Registry of this Court to be applied first to satisfy Plaintiff's in rem judgment;

4. that Plaintiff be allowed to bid at the Marshal's sale the amount of debt secured by the liens in lieu of cash;

5. that Plaintiff be awarded a judgment in personam against Ourania, LLC, for all amounts due as alleged in the Complaint, including without limitation, principal, interest, late charges, costs of collection, reasonable attorney fees and other expenses allowed and at law; and

6. that Plaintiff be awarded such other and further relief as the Court may deem just and proper in the premises.

DATED this 9th day of December, 2005, at Anchorage, Alaska.

MARK C. MANNING, P.C.
Counsel for Plaintiff

By: _/s/ Mark C. Manning_
Mark C. Manning

## VERIFICATION

Oleg Nikitenko, being first duly sworn on oath, deposes and says that he is Plaintiff's President, that he has read the Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief.

_____
Oleg Nikitenko

State of Washington, King County

SUBSCRIBED AND SWORN to before me this ____ day of December, 2005.

_____
Notary public in and for the State of Washington
My commission expires:_____

## VERIFICATION

Oleg Nikitenko, being first duly sworn on oath, deposes and says that he is Plaintiff's President, that he has read the Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief.

_____
Oleg Nikitenko

State of Washington, King County

SUBSCRIBED AND SWORN to before me this 12 day of December, 2005.

_____
Notary public in and for the State of Washington
My commission expires: 2/07

```
OFFICIAL SEAL
THOMAS P. HENNESSEY
NOTARY PUBLIC
STATE OF WASHINGTON
```
My Commission Expires Feb. 1, 2007

4

## PROMISSORY NOTE

FOR VALUE RECEIVED, Ourania, LLC, herein "Promisor," promises to pay to the order of Global Seafoods North America, LLC, at 800 Marine Way E. Kodiak, AK 99615 or at such other place or places as the holder hereof designates in writing, the principal sum of THIRTY THOUSAND DOLLARS ($30,000.00) in lawful money of the United States of America, with interest. Said sum shall be due and payable as follows:

1.  prompt remittance of 15% of the gross sale price of all sales of fish by Promisor until paid.

2.  The foregoing notwithstanding, the entirety of the debt, inclusive of any accrued interest, must in any event be paid in full by December 31, 2004.

Each payment is to be applied first to accrued interest, if any, and the remainder to principal. Promisor shall have the right to prepay any amount of principal at any time without penalty.

The debt shall bear interest at a rate of 6% unless (1) Promisor breaches any term of this note or the related Exclusive Fishing Agreement or (2) the debt is not paid in full by December 31, 2004. In the event of any such breach, then the debt will bear interest from the date or dates of disbursement until paid at the lesser rate of 11% per annum or the maximum rate allowed by law. If the debt is not paid by December 31, 2004, then the balance then remaining will bear interest from that date until paid at the lesser rate of 11% per annum or the maximum rate allowed by law. If any payment is not paid when due or in the event of any other breach of the note or related Agreement, Global shall have the right to declare the remaining balance of the debt and any accrued interest immediately due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the option in the event of any subsequent breach. Acceptance of partial or late payments will not constitute a waiver of the right to accelerate the debt.

Promisor waives any homestead and exemption right against said debt, presentment, demand, protest, and notice of nonpayment hereof, and binds himself as principal, and not as surety, and agrees to remain bound hereon, notwithstanding any extensions that may be made. In the event any suit or other action is necessary to collect the sums due under this note, Promisor agrees to pay all reasonable actual costs of such action including, but not limited to, actual attorney's fees.

This Note is to be construed according to the laws of the State of Alaska.

Ourania, LLC
Constantinos Giannopoulos, Manager

State of Alaska, Third Judicial District

The foregoing instrument was acknowledged before me this ____ day of December 2003, by Constantinos Giannopoulos.

GIVEN UNDER MY HAND and official seal the day and year last above written.



Notary Public in and for Alaska
My commission expires: Aug 17 07

Exhibit __/__
Page __/__ of __/__ Pages