IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| GLOBAL SEAFOODS NORTH AMERICA, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| OURANIA, LLC, *et al.*, | ) ) ) | IN ADMIRALTY |
| Defendants. | ) ) ) | No. A-05- 047 Civil (JWS) |

**DECLARATION OF MARK C. MANNING**

Mark C. Manning states the following on oath:

1. I am counsel for Plaintiff in this action, and am familiar with the premises of this lawsuit. This declaration is offered in support of Plaintiff's Motion for Order Shortening Time to consider Plaintiff's Ex-Parte Motion for Appointment of Substitute Custodian.

2. In order to keep the vessel without undue expense following arrest, as well as to minimize logistical demands on the Marshal's office, Plaintiff has moved for an order appointing a substitute custodian for the vessel following arrest.

3. If the normal time for consideration of a motion were to be required in this matter, an additional, expensive demand would probably be imposed on the Marshal's office, to arrange a qualified interim custodian pending the appointment of a substitute later. In addition, the marshal has required a very much larger deposit for the arrest of the vessel if the marshal's office must arrange for an interim custodian. Based on knowledge acquired in the past of the marshal's practices in appointing a substitute custodian, any interim custodian the Marshal's office would appoint would be substantially more expensive that a substitute custodian.

4. Local Rule 7.2 (c) is addressed as follows:

(i) Shortened time is needed to minimize the risks that the vessel will depart from Kodiak and that equipment will be sold off it before it is arrested.

(ii) Global has endeavored to resolve its claim on the debts by litigation against the vessels

owner *in personam*. This effort has been thwarted by failure to participate in discovery and by the failure of the owner's manager to admit in deposition to the existence of the debts, all or most of which do not appear to be fairly disputable.

(iii) As to the position of opposing counsel, it has ben proposed that Global postpone arrest until its claims have been litigated to conclusion, with the commitment that the vessel would not be operated again without first allowing Global to arrest it. This approach would not protect the vessel from the accrual of fresh liens for moorage, shore power, mechanics services and other necessaries, and there would remain some risk the vessel might depart the harbor notwithstanding any agreement to the contrary. Further, Global could not entertain such a proposal from a party that is obstructing the progress of litigation, as evidenced by the recent motion to compel discovery. Such conduct also does not inspire trust that the owner can be relied upon not to harm Global's claim against the vessel in other ways.

(iv) There are no specific dates of significance to the motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 5, 2006.



MARK C. MANNING

CERTIFICATE OF SERVICE

I hereby certify that, on 4 / 5 /06, a copy of the foregoing motion and related order were served electronically on Ourania, LLC

and by U.S. Mail on

John Galliher
2933 Spruce Cape Road
Kodiak, AK 99615

  s/Mark C. Manning

Global Seafoods v. Ourania, LLC
Case no. A-05-047 (JWS)