9ark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska  99501
(907) 278-9794 Fax: 278-1169
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| GLOBAL SEAFOODS NORTH AMERICA, LLC,  )<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>OURANIA, LLC, *et al.,*  )<br>)<br>Defendants.  )<br>_____) | IN ADMIRALTY<br><br>No. A-05- 047 Civil (JWS) |

**MEMORANDUM SUPPORTING MOTION
FOR INTERLOCUTORY SALE**

Plaintiff has moved for an order for interlocutory sale of the *in rem* defendant arrested in this case as soon as possible, because four months have passed since the vessel's arrest with no sign the vessel will be bonded out. Claimant Ourania, LLC, does not oppose interlocutory sale.  *See* Declaration of Mark C.  Manning. The grounds supporting this motion are as follows.

Supplemental Rule E (9)(b) provides for interlocutory sale for three reasons pertinent to this case: (1) the property arrested is exposed to deterioration, decay  or injury by being detained in custody pending the action; (2) continued custody will result in excessive or disproportionate expense; and (3) there is unreasonable delay in securing the release of the property.  Four months are usually allowed to arrange for bonding out of vessels. United States v. F/V FORTUNE, 1987 A.M.C. 2351, 2352 (D. Alaska 1987).  At that point, delay becomes unreasonable, justifying sale on that ground alone. Caterpillar Financial Service Corp. v. Coleman, 2000 AMC 539, 541 (C.D. Cal. 1999).

The Claimant of record has neither offered a bond, nor moved for the setting of a

bond or otherwise given any indication it is in a position to post a bond.  No other party has appeared to claim ownership or right to possession.

The monthly cost of keeping the vessels in Kodiak is in excess of about $1,400.00.  In addition, winterization measures would need to be implemented at substantial additional cost.  The vessel is reportedly an old scow of limited value, so there is no reason to assume that it would produce funds at sale sufficient to pay valid lien claims and costs of arrest and custody.

Exposure of a vessel to deterioration while it is in custody is well-recognized.  That a vessel is in custody also can attract thieves and vandals.  It is also desirable to sell commercial fishing vessels in ample time to allow their new owners time to outfit them for the spring fishing seasons.  *See* Declaration of Mark C. Manning. .

The court is respectfully requested to order immediate interlocutory sale for the reasons that the vessel's Claimant does not oppose sale, further delay is unreasonable in light of the inherent risk and potential for unrecoverable expense, and the desirability of selling vessel in time for new owners to begin outfitting it shortly after the first of the year.

DATED this 14th day of September, 2006, at Anchorage, Alaska.

    s/ Mark C.  Manning
Counsel for Plaintiff
MARK C. MANNING, P.C.
431 West 7th Avenue, Ste. 204
Anchorage, AK 99501
Phone: (907) 278-9794
Fax: (907) 278-1169
manning@alaska.net
ABA No. 8110066

CERTIFICATE OF SERVICE

I hereby certify that, on 9 / 19 /06, a copy of the foregoing was served electronically on Ourania, LLC

and by U.S. Mail on

John Galliher
2933 Spruce Cape Road
Kodiak, AK 99615

Richard S. Nicholson
2504 Christie Circle
Birmingham, AL 35216

   s/Mark C. Manning