Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska 99501
(907) 278-9794 Fax: 278-1169
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| GLOBAL SEAFOODS NORTH AMERICA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OURANIA, LLC, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> IN ADMIRALTY <br><br> No. A-05- 047 Civil (JWS) |

**DECLARATION IN SUPPORT OF MOTION TO RE-SCHEDULE
INTERLOCUTORY SALE
28 U.S.C. § 1746**

Mark C. Manning states the following under oath:

1. I am counsel of record for Plaintiff, and am authorized to make this declaration on Plaintiff's behalf.

2. The court originally scheduled interlocutory sale of the defendant vessel for October 11, 2006. Notice of the sale was duly published and the sale went forward as scheduled. I was present at the sale. No one else appeared at the sale. On behalf of Plaintiff, I made a winning credit bid of $5,000.00. I subsequently learned that a mistake had been made about Global Seafoods' qualification under 46 U.S.C. §31329 to bid for the vessel. Global was not qualified to bid for the vessel and cannot accept a bill of sale from the marshal. Accordingly, it is necessary to re-sell the vessel.

3. Global believes this motion will not be opposed. Ourania, the only claimant to the vessel, has agreed not to oppose Global's sale of the vessel. Co-defendant Galliher is not reachable by phone, in that he has no listed phone number and has not filed notice of any phone number, but claims no interest in the vessel and gave no formal or informal indication of opposition to Global's

Motion for Interlocutory Sale. Lien claimant Nicholson's effort to intervene was denied, and he also gave no formal or informal indication of opposition to Global's Motion for Interlocutory Sale.

    4. Global has obtained a sale date of November 2, 2006, from the marshal's office, with a back-up date of November 7. The date of significance to this motion if the November 2 date is to be held is noon October 23, 2006. Global's counsel would need to be apprized of a favorable ruling on the motion by noon October 23 date in order to safely arrange for the required publications before the proposed November 2 sale date. The date of significance if the November 7 sale date is used is noon October 27. Global's counsel would need to be apprized of a favorable ruling on the motion by noon October 27 date in order to safely arrange for the required publications before the proposed November 7 sale date

    I declare under penalty of perjury that the foregoing is true and correct.

    DATED this 16th day of October, 2006, at Anchorage, Alaska.

                                               */s/ Mark C. Manning*
                                                    Mark C. Manning