Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska 99501
(907) 278-9794 Fax: 278-1169
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| GLOBAL SEAFOODS NORTH AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OURANIA, LLC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  IN ADMIRALTY<br>)<br>)  No. A-05- 047 Civil (JWS)<br>) |

**DECLARATION IN SUPPORT OF MOTION FOR CONSIDERATION ON SHORTENED TIME OF PLAINTIFF'S MOTION TO RE-SCHEDULE INTERLOCUTORY SALE**

Mark C. Manning states the following under oath:

1. I am counsel of record for Plaintiff, and am authorized to make this declaration on Plaintiff's behalf.

2. Local Rule 7.2 (c) is addressed as follows:

(i) Shortened time is needed for the same reasons that shortened time was needed to consider the original MOTION FOR INTERLOCUTORY SALE and schedule the first auction of the vessel. Continued custody of the vessel will expose it to deterioration and will result in additional substantial and likely unrecoverable custody costs. Further, prompt sale is desirable to avoid the need and expense for winterization and risk presented by increasingly inclement weather. Plaintiff has withheld a motion to sell the vessels until the 4 month opportunity to arrange a bond provided for by *United States v. F/V FORTUNE*, 1987 A.M.C. 2351, 2352 (D. Alaska 1987) has expired. The marshal's return in this matter reflects that the vessel was arrested on May 10, 2006. At the hearing on Plaintiff's MOTION FOR INTERLOCUTORY SALE, the court made findings supporting a grant of the motion and entered an order scheduled sale for October 11, 2006.

(ii) Plaintiff does not perceive that re-scheduling interlocutory sale presents a problem to be worked out with other parties.

(iii) Claimant Ourania does not oppose this foreclosure action or sale of the vessel.

(iv) Global has obtained a sale date of November 2, 2006, from the marshal's office, with a back-up date of November 7. The date of significance to this motion if the November 2 date is to be held is noon October 23, 2006. Global's counsel would need to be apprized of a favorable ruling on the motion by noon October 23 date in order to safely arrange for the required publications before the proposed November 2 sale date. The date of significance if the November 7 sale date is used is noon October 27. Global's counsel would need to be apprized of a favorable ruling on the motion by noon October 27 date in order to safely arrange for the required publications before the proposed November 7 sale date

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 16, 2006.

_____
Mark C. Manning